UNITED STATES *v.* MURRAY.

*(District Court, D. Maine.   March 15, 1890.)*

1. BOUNDARIES—ARTIFICIAL—LINES DIVERGENT FROM DESCRIPTION IN DEED.
    Where the grantor in a deed conveying land to the United States is to fence the same, the placing of a wall upon a line diverging from that called for by the deed cannot be taken to designate the true line, in the absence of evidence of assent thereto by the United States.
2. SAME—MONUMENTS AND COURSES—MEASUREMENTS.
    Known and visible monuments and compass courses must prevail over measurements in establishing boundaries.

*(Syllabus by the Court.)*

At Law.

*George E. Bird,* U. S. Atty.

*William R. Anthoine,* for defendant.

NELSON, J.   This is an action of trespass *quare clausum fregit,* brought to determine the boundary lines between a tract of land on Cape Elizabeth in this district, upon which the United States has erected two light-houses, and the adjoining land owned by the defendant.   The plaintiff put in evidence two deeds.   The first, from Edward and Enoch Dyer, dated May 24, 1826, conveyed to the United States a tract of land containing about 12 acres, bounded, beginning at a stake at high-water mark,

northerly of the most easterly point of the cape, in the dividing line between the land of the grantors and land of Charles Staples; thence running S. 63 deg. W. 87 rods; thence S. 27 deg. E. through the center of a never-failing spring of water, recently named "Weasel Spring," 18 rods; thence S. 63 deg. W. 13 rods and 12 links; thence S. 27 deg. E. 13 rods and 12 links; thence N. 53 deg. E. 56 rods; thence N. 46 deg. E. 14 rods; thence N. 47 deg. E. 24 rods to high-water mark; thence northerly by high-water mark about 13 rods, to the stake first mentioned, together with the rocks and flats fronting the same to low-water mark. The second deed, from Edward Dyer, dated November 10, 1832, conveyed to the United States a tract of land adjoining that described above, containing 8 acres more or less, bounded, beginning on the north-easterly line of the first-described tract, at a stake 14 rods north-easterly from the south-easterly corner thereof; thence running S. 45 deg. E. 14 rods and 14 links to the corner of a stone wall; thence N. 50 deg. E. by said stone wall 38 rods; thence N. 55 deg. E. about 5 rods to high-water mark of the sea-shore; thence northerly and easterly by the sea-shore to the north-easterly corner of the land first described; thence southerly on said last-mentioned land to the place of beginning. In this deed the grantor covenanted to fence the land thereby conveyed, and also the land conveyed by the deed of Edward and Enoch Dyer, with a good and sufficient stone wall and to have the fence completed within one year from the date of the deed, excepting, however, that part of the land which bordered on the sea-shore and on the land of Charles Staples. In respect to the first three boundary lines of the deed of 1826 no controversy exists between the parties. The first line is defined by an ancient stone wall which was undoubtedly in existence at the date of the deed, and marked the division line between the land of the grantors and that of Charles Staples. The compass course of the wall is substantially the same as that in the deed. The second line drawn at right angles to the first, passes through Weasel spring, and this fixes it with certainty. The third line runs at right angles with the second, and is admitted to be correct. In regard to the true position of the fourth line, which is defined in the deed as running S. 27 deg. E. 13 rods and 12 links, the parties are in disagreement. The defendant claims that it should follow a stone wall built by Edward Dyer soon after the date of his deed in pursuance of his covenant to fence, the remains of which are still visible. This I cannot agree to. The line of the wall is not at right angles with the third line and is not a straight line, such as that described in the deed. There is in it such a decided bend to the eastward that a line drawn from one of its extremities to the other would pass through one of the light-houses. There is no evidence that the government ever assented to this or any part of the wall built by Edward Dyer after the date of his deed, as the true division line. This line must be run out according to the compass course and distance given in the deed. The present fence built by the government is on the true line. The defendant's entry on the land between the wall and the fence was therefore unlawful.

On the plot of the government survey filed in the case and used at the hearing, the southerly end of the fourth line of the first deed is designated by the letter "G." This is the south-easterly corner of the tract conveyed by that deed. In the second deed the first bound is fixed at a point in the easterly line of the first tract 14 rods north-easterly from corner G. Commencing at the point thus defined, and running S. 45 deg. E. 14 rods and 14 links, the course and distance given in the deed, the line would terminate about 40 feet outside of the end of the stone wall mentioned in the deed, which is still in existence, and would include in the government land a strip two rods wide outside of the old wall for its entire length. This is manifestly incorrect, and shows conclusively that a mistake occurred in making the first line of the second deed begin 14 rods from corner G. This distance is evidently too short. The true line must be ascertained by running back from the end of the wall on a course N. 45 deg. W. (the opposite of the S. 45 deg. E. course of the deed) until it strikes the line of the first lot; and the latter line must be found by running from corner G, N. 53 deg. E. As nearly as I can make out from the plot, the effect of this will be to place the point of departure between 16 and 17 rods from corner G, and to shorten the first line of the second deed between one and two rods. But the end of the old stone wall, which is a visible and known monument, the corner G, the true position of which is fixed with certainty, together with the compass courses, must prevail over measurements in establishing the boundaries. The stone wall mentioned in the second deed must constitute the easterly boundary of the second tract for a distance of 38 rods, and from thence the lines given in the deed must govern. The defendant's entry upon this part of the land in dispute was consequently lawful.

I assess the plaintiff's damages on the first count at five dollars. Judgment will be for the plaintiff on the first count for five dollars and costs of suit, and on the second count judgment for the defendant. So ordered.